1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                  **EASTERN DIVISION**

11

12   VALERIE JOHNSON,                    )   No. ED CV 09-972-PLA
                                         )
13                    Plaintiff,          )
                                         )
14           v.                          )   **MEMORANDUM OPINION AND ORDER**
                                         )
15   MICHAEL J. ASTRUE,                  )
     COMMISSIONER OF SOCIAL             )
16   SECURITY ADMINISTRATION,           )
                                         )
17                    Defendant.          )
                                         )
18   _____)

19                       **I.**

20                  **PROCEEDINGS**

21        Plaintiff filed this action on June 1, 2009, seeking review of the Commissioner's denial of

22   her application for Disability Insurance Benefits.  The parties filed Consents to proceed before the

23   undersigned Magistrate Judge on June 17, 2009, and July 10, 2009.  Pursuant to the Court's

24   order, the parties filed a Joint Stipulation on November 25, 2009, that addresses their positions

25   concerning the disputed issues in the case.  The Court has taken the Joint Stipulation under

26   submission without oral argument.

27   /

28   /

## II.

## BACKGROUND

Plaintiff was born on July 14, 1953.  [Administrative Record ("AR") at 88, 96.]  She has completed two years of college, and has past relevant work experience as a bus driver and a truck driver.  [AR at 104, 110-16.]

Plaintiff filed her application for Disability Insurance Benefits on October 11, 2006, alleging that she has been unable to work since July 11, 2006, due to a shattered left wrist from a car accident.  [AR at 96-105.]  After her application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  [AR at 39-48.]  A hearing was held on August 19, 2008, at which plaintiff appeared without counsel and testified on her own behalf.  A vocational expert also testified.  [AR at 15-36.]  On September 18, 2008, the ALJ determined that plaintiff was not disabled.  [AR at 7-14.]  When the Appeals Council denied plaintiff's request for review of the hearing decision on April 17, 2009, the ALJ's decision became the final decision of the Commissioner.  [AR at 1-3.]  This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Where the evidence is susceptible to more than one rational interpretation, the Court

1 must defer to the decision of the Commissioner. <u>Moncada</u>, 60 F.3d at 523; <u>Andrews v. Shalala</u>,

2 53 F.3d 1035, 1039-40 (9th Cir. 1995); <u>Drouin</u>, 966 F.2d at 1258.

3

4                                             **IV.**

5                              **EVALUATION OF DISABILITY**

6        Persons are "disabled" for purposes of receiving Social Security benefits if they are unable

7 to engage in any substantial gainful activity owing to a physical or mental impairment that is

8 expected to result in death or which has lasted or is expected to last for a continuous period of at

9 least twelve months.  42 U.S.C. § 423(d)(1)(A); <u>Drouin</u>, 966 F.2d at 1257.

10

11 **A.     THE FIVE-STEP EVALUATION PROCESS**

12        The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing

13 whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; <u>Lester v. Chater</u>, 81 F.3d 821,

14 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u> April 9, 1996).  In the first step, the Commissioner must

15 determine whether the claimant is currently engaged in substantial gainful activity; if so, the

16 claimant is not disabled and the claim is denied.  <u>Id.</u>  If the claimant is not currently engaged in

17 substantial gainful activity, the second step requires the Commissioner to determine whether the

18 claimant has a "severe" impairment or combination of impairments significantly limiting her ability

19 to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  <u>Id.</u>

20 If the claimant has a "severe" impairment or combination of impairments, the third step requires

21 the Commissioner to determine whether the impairment or combination of impairments meets or

22 equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404,

23 Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  <u>Id.</u>

24 If the claimant's impairment or combination of impairments does not meet or equal an impairment

25 in the Listing, the fourth step requires the Commissioner to determine whether the claimant has

26 sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled

27 and the claim is denied.  <u>Id.</u>  The claimant has the burden of proving that she is unable to perform

28 past relevant work.  <u>Drouin</u>, 966 F.2d at 1257.  If the claimant meets this burden, a <u>prima</u> <u>facie</u>

1  case of disability is established.  The Commissioner then bears the burden of establishing that the

2  claimant is not disabled, because she can perform other substantial gainful work available in the

3  national economy.   The determination of this issue comprises the fifth and final step in the

4  sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d

5  at 1257.

6

7  **B.**      **THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

8           In this case, at step one, the ALJ concluded that plaintiff has not engaged in any substantial

9  gainful activity since July 11, 2006, the alleged onset date of the disability.[1]  [AR at 9.]  At step two,

10  the ALJ concluded that plaintiff has the following severe impairments: "open fracture and

11  dislocation of the left wrist, status post reduction and internal fixation of the fracture and the

12  dislocation."  [Id.]  At step three, the ALJ concluded that plaintiff's impairments do not meet or

13  equal any of the impairments in the Listing.  [AR at 10.]  The ALJ further found that plaintiff

14  retained the residual functional capacity ("RFC")[2] to perform light work[3], "limited to lifting and/or

15  carrying no more than 25 pounds occasionally and 10 pounds frequently; no more than occasional

16  pushing and pulling with her left hand, no more than frequent fine and gross manipulation with the

17  left hand; no squatting, or kneeling; no more than short periods of writing with the left hand.

18  [Plaintiff] has no limitations in sitting, standing, walking or bending."  [Id.]  At step four, the ALJ

19  concluded that plaintiff is unable to perform her past relevant work.  [AR at 12.]  At step five, using

20  the Medical-Vocational Rules as a framework and the vocational expert's testimony, the ALJ

21  concluded that is plaintiff is "capable of making a successful adjustment to other work that exists

22

23  _____

24       [1]    The ALJ found that plaintiff meets the insured status requirements of the Social Security
     Act through December 31, 2010.  [AR at 9.]

25       [2]    Residual functional capacity ("RFC") is what a claimant can still do despite existing
26  exertional and nonexertional limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 5 (9th Cir.
     1989).

27       [3]    Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent
28  lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).

in significant numbers in the national economy." [AR at 13.]  Accordingly, the ALJ found that plaintiff is not disabled.  [Id.]

# V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ failed to properly: (1) develop the record regarding the treating physician's opinion; and (2) consider the effects of plaintiff's obesity on her impairments. [Joint Stipulation ("JS") at 2.]  As set forth below, the Court respectfully disagrees with plaintiff, and affirms the decision of the Commissioner.

**A.    Failure to Develop the Record**

Plaintiff contends that the ALJ failed to properly develop the record regarding her treating physician's opinion of her ability to work.  JS at 3-7.  Specifically, plaintiff alleges that the ALJ should have obtained the "needed information" in order to assist in developing the record concerning the effect that her residual functional capacity had on her ability to perform basic work activities "on a long term basis."  JS at 3.

The ALJ has an affirmative duty to fully and fairly develop the record.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).  However, only "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'"  Id. (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)).  If evidence from the medical source is inadequate to determine if the claimant is disabled, an ALJ is required to recontact the medical source, including a treating physician, to determine if additional needed information is readily available.  See 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.").  The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden.  White v. Barnhart, 287

F.3d 903, 908 (10th Cir. 2001).  When the claimant is unrepresented, as here, "the ALJ must be especially diligent in exploring for all the relevant facts."  Tonapetyan, 242 F.3d at 1150 (citing Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)).

On October 10, 2006, Dr. Barry Watkins completed a Physician's Supplementary Certificate in which he indicated that plaintiff had a "very limited range of motion at [her] wrist joint," that she had experienced a "high energy fracture" that would require a longer term of occupational therapy, and that he estimated plaintiff would be able to perform her regular work by January 10, 2007, i.e., three months from the date of the examination.  [AR at 162.]  In the decision, the ALJ gave "no weight" to Dr. Watkins' opinion, as he "offered no long term or permanent opinions" on plaintiff's ability to work.  Plaintiff argues that the ALJ was required to recontact Dr. Watkins to "obtain additional information or clarification regarding the long term [e]ffect of [p]laintiff's physical limitation on her ability to perform basic work activities."  JS at 4.  The Court disagrees.

Here, the record was not ambiguous or inadequate so as to trigger any further duty on the part of the ALJ.  Plaintiff was referred to Dr. Bunsri Sophon, an orthopedic consultative examiner.  After examining plaintiff on April 20, 2007, Dr. Sophon determined that plaintiff demonstrated tenderness and no active motion of the left wrist or the left thumb IP joint, but that she is capable of lifting 25 pounds occasionally and 10 pounds frequently, is limited to occasional pushing and pulling with her left hand, and to frequent fine and gross manipulation with the left hand.  She is not limited in her ability to sit, stand, walk or bend.  [AR at 181-86.]  A report from a consultative examining physician can serve as "substantial evidence."  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (quoting Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)).  The RFC determined by the ALJ is wholly consistent with the opinion of Dr. Sophon.  It is also consistent with the conclusion reached by the state agency physician, who determined that plaintiff was limited to light work, with a limitation on handling and fingering.  [AR at 188-92.]  The Court is hard-pressed to require further inquiry into plaintiff's disability where she was referred to a consultative examiner, the record was reviewed by a state agency physician, the ALJ's determination of plaintiff's RFC was essentially consistent with the findings of the treating physician (i.e., that her ability to use her left wrist is limited and would prevent her from performing her regular work for

1 a period of three months), and the ALJ ultimately concluded that plaintiff could **not** perform her

2 past relevant work as a driver.  No medical evidence suggests that plaintiff's inability to work,

3 especially her inability to do any sort of work, continued past January, 2007 (see Burch v.

4 Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability)),

5 no ambiguity existed here, and remand is not warranted on this issue.

6

7 **B.    OBESITY**

8         Plaintiff argues that the ALJ failed to properly consider the impact of her obesity on her

9 ability to work.  JS at 7-11.  Specifically, plaintiff contends that the ALJ failed to determine the

10 effect of her obesity upon her other impairments, her ability to work, and her general health.  JS

11 at 7.

12         The medical records show that plaintiff is 67 inches tall and weighs 254 pounds.  [AR at

13 182.]  Dr. Sophon noted that plaintiff is "obese."  [Id.]  In his decision, the ALJ made no mention

14 of plaintiff's obesity.

15         Social Security Ruling[4] ("SSR") 02-01p provides that an ALJ is required to consider an

16 individual's obesity at steps two through five of the sequential evaluation, and requires that obesity

17 be considered in combination with the individual's other impairments.  Plaintiff bears the burden

18 of producing medical evidence about the impact of her obesity on her other impairments at steps

19 three and four.  See Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability in

20 steps one through four of the analysis); see also 20 C.F.R. §§ 404.1512, 416.912 ("In general, you

21 have to prove to us that you are blind or disabled . . . .  This means that you must furnish medical

22 and other evidence that we can use to reach conclusions about your medical impairment(s) . . .

23 .").  The record does not contain any medical opinions or treatment notes indicating that plaintiff's

24 obesity, in combination with her other impairments, meets a listing, or that she has any limitations

25

26         [4]    Social Security Rulings ("SSR") do not have the force of law.  Nevertheless, they "constitute
27 Social Security Administration interpretations of the statute it administers and of its own
   regulations," and are given deference "unless they are plainly erroneous or inconsistent with the
28 Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

1  arising therefrom other than the limits set forth by the ALJ in the RFC.  Neither did she contend

2  at the hearing that her obesity somehow contributes or is related to her alleged disability.  Indeed,

3  during the hearing, plaintiff testified that she can no longer work as a driver because her left wrist

4  is fused, and she cannot grip with her thumb. [AR at 23.]  She also experiences pain in her hand

5  when she tries to perform certain activities. [AR at 28.]  Although she noted that she cannot squat

6  or kneel anymore because her left kneecap shifted in the accident, she testified that she is not

7  limited in her ability to walk or sit, and she did not allege any sort of disability related to her knee.

8  [AR at 26.]  See, e.g., Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996) (claimant must submit

9  sufficient evidence of impairment for a multiple impairment analysis to be required).  Moreover,

10  the ALJ's findings are supported by Dr. Sophon, who specifically noted plaintiff's obesity, but found

11  no limitations on her ability to sit, stand, walk or bend. [AR at 185.]  See Thomas v. Barnhart, 278

12  F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may .

13  . . serve as substantial evidence when the opinions are consistent with independent clinical

14  findings or other evidence in the record.").

15      Neither does Celaya v. Halter, 332 F.3d 1177 (9th Cir. 2003), warrant a different result.

16  The ALJ there had a duty to consider the interactive effect of obesity on plaintiff's impairments --

17  diabetes and hypertension -- given the potential effect of obesity on those conditions. Id. at 1182.

18  "[I]t was clear from the record that [the plaintiff's] obesity was at least close to the listing criterion,

19  and was a condition that could exacerbate her reported illnesses."  Id.  No such findings are

20  present here, and the record is devoid of any indication that plaintiff's obesity plays any role in the

21  only impairment alleged by plaintiff, that pertaining to her left wrist.  As such, the Court finds that

22  the ALJ did not err in not discussing the impact of plaintiff's obesity on her ability to work.  Remand

23  is not warranted on this issue.

24  /

25  /

26  /

27

28

## VI.

## <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that: 1. plaintiff's request for reversal, or in the alternative, remand, is **denied**; and  2. the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: February 3, 2010

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE